UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-23836-CIV-LENARD/O'SULLIVAN

MATTIE LOMAX,

      Plaintiff,

v.

THE CITY OF MIAMI POLICE
DEPARTMENT, OFFICER JOHNNIE
BERNELL MATHIS, OFFICER
ROSSICIA ALLEN,

      Defendants.

_____/

## **ORDER**

THIS MATTER is before the Court on the Defendant Allen's Motion to Quash Service of

Process and Memorandum of Law (DE# 10, 10/23/12). The plaintiff is suing defendant Officer

Rossicia Allen. Rule 4(e) of the Federal Rules of Civil Procedure governs service of process on

an individual. It states:

> Unless federal law provides otherwise, an individual--other than a minor, an
> incompetent person, or a person whose waiver has been filed--may be served in
> a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought
>> in courts of general jurisdiction in the state where the district court
>> is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the
>>> complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's
>>> dwelling or usual place of abode with someone of
>>> suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent
>>> authorized by appointment or by law to receive
>>> service of process.

FED. R. CIV. P. 4(e).

Under Florida law, service of process on an individual may be accomplished by delivering a copy of the summons and complaint: (1) to the person named; (2) to the individual's usual place of abode with any person residing therein who is age 15 or older and informing that person of the contents; (3) by substitute service to the person's spouse; (4) by substitute service to the person in charge of the individual's business at the time of service, if two or more attempts to serve the owner have been made at the place of business, and if the individual is doing business as a sole proprietorship; or (5) on an authorized agent. Fla. Stat. §§ 48.031, 48.151.

In the instant case, the plaintiff attempted to serve Officer Allen by delivering the summons and the complaint to the Office of the Mayor at City Hall. See Defendant Allen's Motion to Quash Service of Process and Memorandum of Law (DE# 10 at 2, 10/23/12). This is not an authorized method of service. In Martin v. Salvatierra, 233 F.R.D. 630, 631-32 (S.D. Fla. 2005), this Court found that service of process on a police officer was not valid where the plaintiff attempted to serve the officer at his place of employment and the officer had not authorized anyone to accept service on his behalf at that location. See also Teal v. Campbell, No. 8:11-cv-164-T-27TGW, 2012 WL 4458387, at *2 (M.D. Fla. Sept. 26, 2012) (quashing service of process for non-compliance with federal rules and Florida law where "[t]he summons and complaint were allegedly received by . . . an unauthorized agent, via certified mail at [the d]efendants' place of employment."). Accordingly, it is

ORDERED AND ADJUDGED that the Defendant Allen's Motion to Quash Service of Process and Memorandum of Law (DE# 10, 10/23/12) is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida this 3rd day of December, 2012.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record

Copies mailed by Chambers to:
Mattie Lomax
P.O. Box 015262
212 N.W. 15 Street
Miami, FL 33136